## Commonwealth v. Rankin and Trimble.

*Indictment—Riot—Number of defendants—Acts of Jan. 12, 1705, and March 31, 1860.*

1. Section 11 of the Act of March 31, 1860, P. L. 427, provides that every indictment shall be deemed sufficient which charges the crime substantially in the language of the act prohibiting the crime.

2. An indictment following substantially the language of section 20 of the Criminal Code of March 31, 1860, P. L. 389, against riot, is sufficient, although only two defendants are named.

3. Although, under the Act of Jan. 12, 1705, 2 Stat. at L. 188, it is necessary that three or more commit the riot, it is not necessary to name three defendants in the indictment, for the testimony can show that others aided in the riot.

Motion to quash indictment. Q. S. Lancaster Co., Nov. T., 1926, No. 54.

*John B. Graybill, H. Frank Eshleman* and *Edwin M. Gilbert,* for motion. *John M. Groff* and *Joseph B. Wissler,* contra.

LANDIS, P. J., Dec. 24, 1926.—The indictment in this case charges that the defendants, "then and there being persons riotously, tumultuously assembled

together, to the disturbance of the public peace, did unlawfully and with force throw stones and oil can through the windows and against the hotel and dwelling-houses of John M. Patton, John K. Campbell and Charles Zell, and did destroy and demolish other property of persons whose names are as yet to the Grand Inquest aforesaid unknown, on and along the public road in Rawlinsville, Lancaster County, Pennsylvania."

The 20th section of the Criminal Code of March 31, 1860, P. L. 389, provides: "If any persons riotously and tumultuously assembled together, to the disturbance of the public peace, shall unlawfully and with force demolish or pull down or destroy, or begin to demolish, pull down or destroy, any public building, private dwelling, church, meeting-house, stable, barn, mill, granary, malt-house or out-house, or any building or erection used in carrying on any trade or manufacture, or any branch thereof, or any machinery, whether fixed or movable, prepared for or employed in any manufacture or any branch thereof, or any steam-engine or other engine for sinking, working or draining any mine, or any building or erection used in conducting the business of any mine, or any bridge, wagon-way, road or trunk for conveying minerals from any mine, every such offender shall be guilty of a misdemeanor."

The 11th section of the Act of March 31, 1860, P. L. 427, 433, provides: "Every indictment shall be deemed and adjudged sufficient and good in law which charges the crime substantially in the language of the act of the assembly prohibiting the crime, and prescribing the punishment, if any such there be." It will be observed that the indictment is in the words of the 20th section of the above act. That being so, it is, under the 11th section of the last-named act, sufficient.

By the Act of Jan. 12, 1705-06, 2 Stat. at L. 188, it was provided that, "if any persons, to the number of three or more, shall meet together with clubs, staves or any other hurtful weapons, to the terror of any of the peaceable people or inhabitants of this province, and shall commit, or design to commit, violence or injury upon the person or goods of any of the said inhabitants, and shall be convicted thereof, such persons shall be reputed and punished as rioters." It has, therefore, been held that no less than three can commit riot. In Pennsylvania v. Craig, Addison, 190, it is said: "To make a man a party to a riot, he must be active, either in doing or countenancing, or supporting, or ready, if necessary, to support the unlawful act. If any one of these persons, with any two others, whether of these or not, committed the unlawful act charged in this indictment, you will convict him or them named in the indictment of this riot. If the unlawful act was done by only one, without any aiding or abetting him, this one, though guilty of an assault and battery, must be acquitted on this indictment for a riot, which is a more aggravated offence." But I take it that it is not essential to the indictment that the number who are engaged in the commission of the offence shall appear upon its face, for this can be shown in the testimony upon the trial.

In Pennsylvania v. Cribs, Addison, 277, it is said: "It is a riot if a number of people assemble in a town, in the dead of night, and by noise or otherwise disturb peaceable citizens." See, also, Lycoming Fire Ins. Co. v. Schwenk, 95 Pa. 89.

I am, therefore, of the opinion that the motion to quash the indictment should be overruled. Motion overruled.

From George Ross Eshleman, Lancaster, Pa.